UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAUL AARON MURRAY, <br><br> Defendant. | NO: 2:18-CR-0053-TOR <br><br> ORDER ON MOTIONS TO RECONSIDER |

BEFORE THE COURT are Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss Indictment for Due Process Violations (ECF No. 155), Defendant's Motion for Reconsideration of Order Denying Motion to Suppress Evidence Re: *Miranda* Violations (ECF No. 156), the Government's Consolidated Motion to Reconsider Factual Finding in ECF No. 149 and Motion to Strike (ECF No. 157), and Defendant's Motion for Leave to File Response to Government's Motion for Reconsideration (ECF No. 158). These motions were heard without oral argument. The Court has reviewed the file and the records contained therein, and is fully informed.

ORDER ON MOTIONS TO RECONSIDER ~ 1

## DISCUSSION

**A. Motion for Reconsideration of Due Process Violations, ECF No. 155**

Defendant renews his motion to dismiss the Indictment for what he describes are "grossly shocking and so outrageous" Due Process violations by the Government.  First, Defendant contends that the Court found that the Government engaged in egregious conduct as it exploited multiple passwords obtained in violation of Mr. Murray's *Miranda* rights.  As discussed infra, the Court accepted Defendant's expert's opinion that a password was used to open the Samsung laptop, but nothing was obtained as a result of that inadvertent *Miranda* violation. While a password was also obtained for Defendant's cellular telephone, the Government conceded and the Court ordered that "nothing obtained from the cellular telephone as a result of using that password to unlock the phone is admissible in evidence."  These two inadvertent *Miranda* violations which resulted in no evidence seized and no information obtained do not constitute due process violations warranting the drastic remedy of dismissal.

Next, Defendant attempts to articulate a Wiretap Act violation for which he seeks dismissal of the Indictment.  It must be noted that no evidence was gathered by the Government from the alleged conduct.  First, Defendant contends that his cellular telephone was connected to the internet by the Government on January 29, 2018 for at least 32 minutes.  From this predicate fact, Defendant deduces that the

cellular telephone would have been able to "download of (sic) all iMessages, Emails, Voicemails, Cloud-based data and GPS data from the date it was sized (sic) to January 29, 2018 at 21:16 UTC time." ECF No. 155 at 5. Even if the Court were to assume this deduction to be true, the cellular telephone was wiped clean and no evidence remains. The agent testified that he did not access any information whatsoever. The mere act of connecting a cellular telephone to the internet does not constitute a Wiretap violation.

Second, Defendant contends that agent Thrall committed a felony when he endeavored to reset the password to the File Vault application on Defendant's cellular telephone in February 2018. *Id*. at 5-6. Defendant recounts the alleged conduct as follows: "This endeavor took multiple intentional steps as the phone had to be taken out of Airplane Mode, then Wi-Fi enabled, then Wi-Fi selected, then Wi-Fi Password entered. Next, Agent Thrall would then need to impersonate the defendant, triggering the password reset function, with the goal of intercepting the required credentials of the File Vault application." *Id*. at 6.

None of the first four steps implicate a violation of the law or a violation of the Wiretap Act. Agent Thrall testified that he located a File Vault application that he attempted to open and reset the password and for which he testified that he would seek a search warrant if it opened. The application did not open and the cellular telephone reset, wiping all the data on the phone. This does not constitute

a due process violation, let alone a Wiretap Act violation. Agent Thrall had a valid search warrant allowing for the seizure to this cellular telephone and its subsequent search.

The Court again finds no bad faith and no Due Process violation warranting the extreme remedy of dismissal. The motion to reconsider is denied.

**B. Motion for Reconsideration to Suppress Evidence Re: Miranda Violations, ECF No. 156**

Defendant once again seeks to suppress any evidence COO Olson later discovered while he was reviewing the duplicate copies of the laptops because he tainted himself in the investigation by obtaining the password in violation of *Miranda* and had the opportunity for more than 45-minutes to access nearly all information stored on a personal laptop. Defendant now complains that COO Olson shut down his preview and destroyed the evidence of his search, thereby preventing the Defense from effectively cross-examining him as to what evidence was tainted from the search. COO Olson testified and the Court found that he stopped his "preview" and destroyed all evidence that he obtained at that point, so none of it could be used against the Defendant. COO Olson's subsequent examination of the duplicated laptops, independent of the use of any password or prior information he gathered, is admissible. The Government and the Defense's expert agree that the subsequent laboratory examination and duplication of the

Samsung laptop digital evidence did not use or rely upon the use of any password. Evidence later obtained independently of the password is admissible and will not be suppressed.

The exclusionary rule "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence [seized during an unlawful search], or that is otherwise acquired as an indirect result of the unlawful search." *Murray v. United States*, 487 U.S. 533, 536-37 (1988). Here, COO Olson did not use any illegally obtained evidence because it was all destroyed. The Court finds the evidence obtained some months later from a copy of the laptops, was not derived directly or indirectly from any illegally obtained evidence. The motion to reconsider is therefore denied.

**C. Government's Consolidated Motion to Reconsider Factual Finding in ECF No. 149 and Motion to Strike, ECF No. 157**

The Government seeks review of the Court's finding that "the Samsung laptop was accessed by means of a password." ECF No. 157 at 2 (citing ECF No. 149 at 4). Additionally, the Government seeks to strike the testimony of Defendant's expert witness Richard Conner on this issue. The Government relies on an unsworn submission of paperwork in support of its motion.

The Court previously found that:

> the Samsung laptop was accessed by means of a password and the only logical conclusion the Court can draw is that the password was

ORDER ON MOTIONS TO RECONSIDER ~ 5

> obtained in violation of *Miranda*. COO Olson began a forensic "preview" examination of that Samsung laptop on-site. Before that examination was complete, he was informed that obtaining passwords from the Defendant was in violation of *Miranda*. Accordingly, he testified and the Court finds that he stopped his "preview" and destroyed all evidence that he obtained at that point. The Court thus Orders the suppression of all such preview evidence and any fruits therefrom. However, the Government and the Defense's expert agree that the subsequent laboratory examination and duplication of the Samsung laptop digital evidence did not use or rely upon the use of a password. Accordingly, evidence later obtained independently of the password is still admissible and will not be suppressed.

ECF No. 149 at 4-5. The facts are not in dispute that COO Olson stopped all forensic preview of the electronic devices and destroyed all evidence he extracted at that point. Whether COO Olson used a password, wrongfully obtained or not, the subsequent search of the Samsung was performed independently of any possible taint from a *Miranda* violation. On this disputed issue by the parties and a record from the Government that recites unsworn opinion testimony, the Court declines to reconsider its finding. In the end, this predicate finding is immaterial to the continued prosecution of the case.

    The Government also seeks to strike Richard Conner's opinion testimony. Once again, it attempts to do so with unsworn opinion testimony and a citation to Federal Rules of Criminal Procedure 16(b). However, Rule 16(b)(1)(C) only requires the defense to provide a written summary of any expert testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of

1   Evidence <u>as evidence at trial.</u>  (emphasis added).  Local Criminal Rule 16(b)

2   mirrors this limitation; expert opinions that "defendant intends to use in

3   defendant's case-in-chief."  This potential oversight by the drafters of the Federal

4   Rule can be corrected by a court order for pretrial production, but that was not

5   done here.

6       Because the Court's predicate finding has no materiality to the continued

7   prosecution in this case, is not admissible during trial, and has no consequence

8   other than to rationally explain the admissibility of the subsequently and

9   independently obtained evidence, the Court declines to reconsider or strike.

10  **D. Defendant's Motion for Leave to File Response to Government's Motion**

11      **for Reconsideration, ECF No. 158**

12      Defendant seeks to defend his expert's opinion and the Court's predicate

13  finding.  Given the discussion above, the issue is now moot.  Accordingly, the

14  motion for leave is denied.

15      **ACCORDINGLY, IT IS HEREBY ORDERED:**

16      1.    Defendant's Motion for Reconsideration of Order Denying Motion to

17          Dismiss Indictment for Due Process Violations, ECF No. 155, is

18          **DENIED**.

19      2.    Defendant's Motion for Reconsideration of Order Denying Motion to

20          Suppress Evidence Re: *Miranda* Violations, ECF No. 156, is **DENIED**.

3.   The Government's Consolidated Motion to Reconsider Factual Finding in ECF No. 149 and Motion to Strike, ECF No. 157, is **DENIED**.

4.   Defendant's Motion for Leave to File Response to Government's Motion for Reconsideration, ECF No. 158, is **DENIED** as moot.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED July 28, 2020.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS TO RECONSIDER ~ 8