UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL AARON MURRAY,<br><br>Defendant. | NO:  2:18-CR-0053-TOR<br><br>ORDER ON MOTION TO ISSUE SUBPOENAS AND MOTION TO QUASH |

BEFORE THE COURT are Defendant's Motion for Subpoenas *Duces Tecum* and the Government's Motion to Quash.  ECF Nos. 202, 205.   These motions were submitted for consideration without oral argument.  The Court has reviewed the file and the records contained therein, the completed briefing and is fully informed.

DISCUSSION

Defendant seeks issuance of two Subpoena *Duces Tecum* directing the Department of Homeland Security to (1) produce all chain of custody records

ORDER ON MOTION TO ISSUE SUBPOENAS AND MOTION TO QUASH~ 1

pertaining to items seized from the Defendant's residence on the morning of January 25, 2018, and (2) produce records, including router logs, pertaining to an IP Address and router employed by the Government following the seizure of Mr. Murray's iPhone.  ECF No. 202.  The Government opposes the issuance of the subpoenas in its motion to quash, representing that it "has provided the available, relevant information responsive to what Defendant now seeks through a proposed subpoena."  ECF No. 205 at 2.

Defendant takes the unusual step of seeking two Rule 17 subpoenas to obtain information from the investigating agency rather than a Rule 16(a)(1)(E) order of production.  While Rule 16 of the Federal Rules of Criminal Procedure generally governs discovery procedures in criminal cases, Rule 17(c) allows parties to a criminal trial to use the district court's subpoena power to request materials or testimony from witnesses.  *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018).  The Supreme Court has made it clear that a party seeking production of materials under a Rule 17(c) subpoena must demonstrate to the court "(1) relevancy; (2) admissibility; [and] (3) specificity."  *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

On the other hand, Rule 16(a)(1)(E) requires the Government to produce books, papers, documents, and data in its custody and control that "is material to preparing the defense" or "the government intends to use [ ] in its case-in-chief at

ORDER ON MOTION TO ISSUE SUBPOENAS AND MOTION TO QUASH~ 2

trial".  "Materiality is a 'low threshold; it is satisfied so long as the information . . . would have helped' to prepare a defense."  *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (citation omitted).  "The test is not whether the discovery is admissible at trial, but whether the discovery may assist [Defendant] in formulating a defense, including leading to admissible evidence."  *Id*.

Here, the Government explains that it has produced the "chain of custody" evidence and identifies some of the Bates numbers for that discovery, explains that the physical items with chain of custody forms attached are and have been available for inspection, and explains that the hash values for the forensic images were provided to the defense.  Whether viewed through the lens of Rule 16 or Rule 17, it is clear the Government will need to establish a foundation for the evidence it seeks to introduce at trial and the chain of custody is material to the defense, thus, the information must be disclosed to the defense.

As to the first category of information, the Government has complied with its obligations.  Chain of custody evidence relates to the originals, not as Defendant contends to the copies TFO Bickford may have downloaded to the NAS located at the Southeast Regional ICAC Task Force.  See ECF No. 208 at 7.

As to the second category of information, the Court previously denied production of "[a]ll IP traffic logs from January 26, 2018 through February 21, 2018 for the IP address 24.116.111.145 identified in the CableOne subpoena"

ORDER ON MOTION TO ISSUE SUBPOENAS AND MOTION TO QUASH~ 3

because the Government represented that "no IP address logs are available for the time period requested, as the equipment has been upgraded, and no old logs exist." ECF No. 145 at 3. Moreover, subsequently, the contents of that cell phone were suppressed and the relevant count was dismissed. Even if they existed, the router logs are no longer relevant or material. Defendant's request for all router logs assigned to this federal case from January 25, 2018 to current does not meet the standard for discovery. The electronic evidence seized from the Defendant by the Government was copied and disclosed to the Defendant. It is that original evidence that is relevant to this prosecution, not the subsequent use of a router by the Department of Homeland Security "to current" date.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.   Defendant's Motion for Subpoenas *Duces Tecum*, ECF Nos. 202,  is **DENIED**.

2.   The Government's Motion to Quash, ECF No. 205, is **GRANTED**

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED March 1, 2021.



THOMAS O. RICE
United States District Judge

ORDER ON MOTION TO ISSUE SUBPOENAS AND MOTION TO QUASH~ 4