1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL AARON MURRAY,<br><br>　　　　　　　　　Defendant. | NO: 2:18-CR-0053-TOR<br><br>ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS |
|---|---|

13  BEFORE THE COURT are Defendant's Motion to Suppress Unlawful

14 Search of ISP Records (ECF No. 220), Motion to Exclude Forensic Analysis and

15 for *Daubert* Hearing (ECF No. 225), and Amended Motion to Dismiss Case for

16 Failure to Preserve Evidence (ECF No. 226). The motions were heard at a hearing

17 on September 16, 2021. The Court has reviewed the file and the records contained

18 therein, heard argument of counsel and is fully informed.

19  //

20  //

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 1

DISCUSSION

**A. Motion to Suppress Unlawful Search of ISP Records (ECF No. 220).**

Defendant seeks suppression of "all evidence derivative of law enforcement's warrantless search of Mr. Murray's internet service provider ("ISP") records from Comcast Cable Communications ("Comcast"). ECF No. 220 at 1-2. Defendant contends that his Fourth Amendment rights were violated by the Government's use of a broadly worded summons to obtain IP addresses and subscriber information.

The Government points out that it received Defendant's name, address and telephone number as the subscriber of the subject IP address, but did not request or receive any web browsing history, content of communications nor historical location information. *See* ECF No. 174-1 at 32, ¶ 44. Thus, the Government contends there has been no Fourth Amendment violation. The Court agrees.

Defendant has no legitimate expectation of privacy in information he voluntarily turns over to third parties, he has no standing to raise a Fourth Amendment challenge. *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979). Defendant's reference to Comcast's privacy policy does not change this equation, the policy specifically provides for the sharing of information "When required by law or to respond to legal process". ECF No. 221-2 at 4. The Government used the appropriate legal process to obtain the information. 19 U.S.C. § 1509; 18

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 2

1  U.S.C. § 2703(c)(2) (requiring electronic communication service to provide name, address, records of session times and durations, etc., when a governmental entity uses an administrative subpoena to request such records). Courts uniformly hold that individuals have no reasonable expectation of privacy in their IP address and subscriber information held by a third party. Along that line of reasoning, the Government clearly exercised good faith when it obtained the information it did. Defendant's motion to suppress is denied.

**B. Motion to Exclude Forensic Analysis and for *Daubert* Hearing (ECF No. 225).**

Defendant moves for an order excluding the forensic data analysis of the Samsung laptop and the HTC Android partial extraction. Defendant contends the Samsung laptop was subject to an ADF preview at approximately 9:35 a.m. on January 25, 2018, after an agent claimed he "powered off" the Samsung. Additionally, Defendant claims an agent located an artifact torrent link labeled "hussyfan" which the defense cannot locate on the E01. Thus, Defendant contends the analysis of the computer is contaminated and unreliable.

Defendant also alleges the HTC Android is only a partial extraction that does not capture a reliable amount of data and thus, is not a verifiable forensically sound extraction and must be excluded.

Finally, Defendant contends that TFO Bickford's testimony should be excluded under *Daubert*, because the analysis of the laptop and the partial download of the HTC Android are scientifically unreliable. Defendant does not challenge the Government's experts' qualifications, only the reliability of their analysis. *Daubert*'s gatekeeping requirement "is to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 152 (1999).

The Government points out that the Defendant's expert was mistakenly referencing the Dell laptop that was subject to a USB connection at 9:36 a.m. Central Time Zone, not the Samsung laptop. Additionally, the Government points out that the "hussyfan" file was located in the "shadow copy" of the E01, but the defense expert does not claim to have looked there. Additionally, according to the government's expert report, the file is referenced at least two other times on the E01.

Even if the Court accepts the inconsequential anomalies in Defendant's contentions, no exclusion or *Daubert* hearing is necessary. If relevant, cross examination or defense expert testimony would be sufficient to elucidate the contentions.

With respect to the partial extraction from the HTC Android, the Defendant does not articulate any material evidence that is missing or that would further his

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 4

1  defense.  Defendant does not contend that the evidence the Government located on
2  the HTC Android does not actually exist.  Defendant has not sought to examine the
3  HTC Android which remains in the Government's possession and available.  At
4  this point, Defendant's contentions are speculative and do not detract from the
5  relevancy or reliability of the Government's expected testimony.

6  Without any specificity or expert testimony, Defendant contends TFO
7  Bickford's testimony will be scientifically unreliable.  No material or relevant
8  evidence supports Defendant's contention.

9  Finally, Defendant's Reply for the first time alleges that the Windows User
10 Account was changed on the Samsung laptop.  ECF No. 236 at 11.  Defendant
11 provides no analysis as to the affect this has on the evidence the Government is
12 expected to offer nor how that affects its reliability.  The Government has not had
13 an opportunity to respond to this new contention.  Accordingly, if Defendant
14 intends to pursue this issue, a renewed motion must be filed and full briefing
15 performed in accordance with the Court's scheduling order.

16 Even if the Court accepts Defendant's current contentions, none of
17 Defendant's arguments or contentions provide any reason to question that the
18 evidence the Government is offering against the Defendant was actually located on
19 Defendant's electronic devices.  Thus, the motion to exclude and for a *Daubert*
20 hearing are denied at this time.

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 5

**C. Amended Motion to Dismiss Case for Failure to Preserve Evidence (ECF No. 226).**

Defendant again seeks to dismiss the Indictment for "law enforcement's deletion of the ADF preview" of the Samsung laptop. ECF No. 226 at 1. The Court already ruled that this deletion was appropriate and not in bad faith. ECF Nos. 149 at 4-5; 194 at 6. Defendant now contends that the Samsung was not "powered off" as an agent testified and that the artifacts of a "hussyfan" file cannot be located by the Defendant's expert.

The Government responds that the Samsung may have been put in sleep mode rather than fully powered off, but that anomaly did not affect the evidence obtained. The Government also points out that the Defendant's expert was mistakenly referencing the Dell laptop that was subject to a USB connection at 9:36 a.m. Central Time Zone, not the Samsung laptop. Additionally, the Government points out that the "hussyfan" file was located in the "shadow copy" of the E01, but the defense expert does not claim to have looked there. Additionally, according to the government's expert report, the file is referenced at least two other times on the E01.

Defendant also contends there was "data spoilation" regarding the HTC Android. ECF No. 226 at 2. Because data was only partially extracted from the HTC Android, Defendant contends he is deprived of access to "the legitimate,

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 6

uninterrupted state of the . . . HTC Android when it was seized by law enforcement on the morning of January 25, 2018." *Id*. at 6. Defendant has not sought to examine the HTC Android, which remains in the Government's possession, but merely speculates that evidence may be missing.

Even if the Court accepts all of Defendant's contentions, Defendant does not articulate any material evidence that is missing or that would further his defense.

The Court finds no bad faith and no Due Process violation warranting the extreme remedy of dismissal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Suppress Unlawful Search of ISP Records, ECF No. 220, is **DENIED**.

2. Defendant's Motion to Exclude Forensic Analysis and for *Daubert* Hearing, ECF No. 225, is **DENIED**.

3. Defendant's Amended Motion to Dismiss Case for Failure to Preserve Evidence, ECF No. 226, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED September 16, 2021.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS TO SUPPRESS, EXCLUDE, & DISMISS ~ 7