UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>PAUL AARON MURRAY,<br><br>                  Defendant. | NO: 2:18-CR-0053-TOR<br><br>ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is Defendant's *pro persona* Motion to Dismiss For Prosecutorial Vindictiveness & Repeated Violations of the 5th Amendment (Miranda, Grand Juries). ECF Nos. 295. The Government filed its opposition. ECF No. 310. Defendant filed his reply. ECF No. 313, 314. This motion was submitted for consideration without oral argument. The Court has reviewed the file and the records contained therein and is fully informed.

DISCUSSION

Defendant has filed a convoluted, rambling, factually inaccurate motion to dismiss. Defendant's briefing also contains repeated, inaccurate use of legal

ORDER DENYING MOTION TO DISMISS ~ 1

terminology. The Court cautioned Defendant of this risk at the hearing where he demanded to represent himself. The Court has fully reviewed the motion and supporting materials and discerns Defendant's claims as follows.

First, Defendant contends the Government has "No Visual Depiction to satiate" the Indictment. ECF No. 295 at 12-13. The Government contends otherwise. The visual depictions are alleged to be child pornography, so they cannot be turned over to the Defendant. Defendant and his experts can arrange to see the evidence at a Government facility, but Defendant cannot be provided copies nor possess such evidence. *See* Protective Orders at ECF Nos. 299, 308. Defendant's motion to dismiss on this issue is denied.

Second, in an obtuse fashion, Defendant complains that "IT Issues Have Plagued this Case". ECF No. 295 at 13-15. Defendant once again also complains of a *Miranda* violation. However, the Court ordered suppression of the evidence obtained in violation of Miranda (ECF No. 149) and eventually, dismissed Counts 2 and 4 of the Superseding Indictment (ECF No. 171). Nothing more is required. Defendant repeatedly refers to the electronic devices as Miranda devices, which makes no sense. The devices at issue are not Miranda devices. The Court previously took testimony and specifically found that:

> Defendant also contends that the password to his Samsung and Dell laptops were obtained in violation of *Miranda*. The Court does not find any evidence that the Dell laptop was accessed or opened by the Government by means of a password. The Court finds that the

ORDER DENYING MOTION TO DISMISS ~ 2

1  Government's forensic software does not use or require a password in
   order to search for evidence on the laptop. Accordingly, even if a
2  password was illegally obtained for the Dell laptop, the Court finds
   the evidence the Government later retrieved and seeks to introduce at
3  trial was independently obtained from any such taint.
            The court finds that the Samsung laptop was accessed by means
4  of a password and the only logical conclusion the Court can draw is
   that the password was obtained in violation of *Miranda*. COO Olson
5  began a forensic "preview" examination of that Samsung laptop on-
   site. Before that examination was complete, he was informed that
6  obtaining passwords from the Defendant was in violation of *Miranda*.
   Accordingly, he testified and the Court finds that he stopped his
7  "preview" and destroyed all evidence that he obtained at that point.
   The Court thus Orders the suppression of all such preview evidence
8  and any fruits therefrom. However, the Government and the Defense's
   expert agree that the subsequent laboratory examination and
9  duplication of the Samsung laptop digital evidence did not use or rely
   upon the use of a password. Accordingly, evidence later obtained
10 independently of the password is still admissible and will not be
   suppressed.

ECF No. 149 at 4-5.  The Court stands by its findings and prior ruling.

Third, Defendant complains of "Prosecutorial Vindictiveness".  ECF No. 295 at 15-17.  Defendant contends the Government accessed his Apple iPhone and obtained an Indictment for Destruction of Property to Prevent Search or Seizure based on this access.  *Id*.  Once again, Count 4 of the Superseding Indictment was dismissed and is no longer at issue in this case.  ECF No. 171.  Defendant repeatedly alleges that the Government has exceeded its search authority in execution of the warrant because the searches continued beyond 14 days.  As the Court has repeatedly explained, Federal Rule of Criminal Procedure 41(e)(2)(B)

ORDER DENYING MOTION TO DISMISS ~ 3

specifically provides for the seizure of electronic devices within the time limits specified by the search warrant (within 14 days) and allows for a detailed examination thereafter, without limit.  *See* ECF No. 149 at 3.  This Court has previously ruled on this issue and incorporates its prior rulings in denying Defendant's claim of prosecutorial vindictiveness.  ECF Nos. 149, 159.

Fourth, Defendant recites "Prosecutorial Ethics & Responsibilities".  ECF No. 295 at 17-19.  With broad generalizations, Defendant seems to suggest dismissal is appropriate.  Defendant's allegations do not warrant dismissal.  Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed.  *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) (citations omitted).  Under the "extremely high standard" of this doctrine, an indictment should be dismissed "only when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice."  *Id*. (citation omitted).  The Court incorporates all its prior rulings in this case and denies Defendant's motion to dismiss.

Fifth, Defendant seeks an evidentiary hearing so he can question the Government's experts.  ECF No. 295 at 19-21.  The Court previously held evidentiary hearings, including hearings on June 30 and July 1, 2020.  Defendant has shown no legal or factual basis for another evidentiary hearing.  Defendant

ORDER DENYING MOTION TO DISMISS ~ 4

attacks the strength of the Government's case, but that is a matter for trial, not a pretrial hearing.

Finally, Defendant contends his "Double Jeopardy" rights have been violated. "There are few if any rules of criminal procedure clearer than the rule that 'jeopardy attaches when the jury is empaneled and sworn.'" *Martinez v. Illinois*, 572 U.S. 833, 839 (2014) (quoting *Crist v. Bretz*, 437 U.S. 28, 35 (1978)). Defendant's double jeopardy rights have never been violated.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's *pro persona* Motion to Dismiss For Prosecutorial Vindictiveness & Repeated Violations Of The 5th Amendment (Miranda, Grand Juries), ECF Nos. 295, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to the parties.

DATED February 7, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS ~ 5